IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CLAY CALDWELL,            )
                          )
          Plaintiff       )
                          )
vs.                       )     Civil Action No. 08-1465
                          )     Judge Terrence F. McVerry/
DR. B. JIN,               )     Magistrate Judge Amy Reynolds Hay
                          )
          Defendant       )

REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is respectfully recommended that the case be dismissed without prejudice before service for failure to exhaust administrative remedies prior to filing the instant complaint.

II. REPORT

Clay Caldwell ("Plaintiff") is a state prisoner, currently incarcerated at SCI-Greene, serving a life sentence for murder. He has filed a civil action against Dr. Jin, the Medical Director at SCI-Greene. Plaintiff complains primarily that Dr. Jin stopped all pain medication for his painful hip degeneration condition and for his arthritis in his left knee. Plaintiff appended evidentiary materials to his complaint.[1] Plaintiff further alleges that Dr. Jin was rude to Plaintiff when Plaintiff complained to Dr. Jin about Dr. Jin's actions. Plaintiff asserts that these actions took place on July 16, 2008.

Included in the evidentiary material appended to the complaint is a grievance concerning the subject matter of the complaint, Dkt. [1-3] at 9, an Initial Review Response, id., at 8, a

---

[1] Plaintiff's own evidence appended to the complaint indicates that Dr. Jin did not stop all pain medication but that the prescription for the pain medication ran out on or about July 15, 2008 and although Plaintiff saw Dr. Jin on July 16, 2008, Plaintiff did not complain about lack of pain medication or that he was experiencing pain in his knee or hip. Dkt. [1-3] at 8.

response (dated August 19, 2008) to Plaintiff's first level appeal, id., at 11, and a response to Plaintiff's second level appeal (dated September 4, 2008). The response to Plaintiff's second level appeal indicates that Plaintiff's second level appeal was referred to the Bureau of Health Care Services for it to review Plaintiff's allegations. Id., at 13. Plaintiff indicates in his complaint that although the Bureau of Health Care Services has had plenty of time (i.e., more than 60 days) in which to respond, they have not yet done so. Id., at 5.

**Discussion**

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). The PLRA amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e, that required prisoners to exhaust administrative remedies available to them prior to a prisoner bringing suit in federal court concerning prison conditions. See 42 U.S.C. § 1997e(c)(2). See also Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000); Booth v. Churner, 206 F.3d 289 (3d Cir. 2000), aff'd, 532 U.S. 731 (2001). Specifically, the PLRA amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e, to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has declared that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other

wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). See also Booth v. Churner, 206 F.3d at 295 (explaining the statutory phrase "prison conditions" to include claims concerning "actions . . . [that] make their [i.e. prisoners] lives worse."). Thus, the Courts have made clear that any claim about prison life is subject to the exhaustion requirement, thereby interpreting the exhaustion requirement very broadly.

Furthermore, not only is the exhaustion requirement broad, it is also mandatory. The Court of Appeals for the Third Circuit has made clear that Section 1997e(a) "'specifically mandates' that inmate-plaintiffs exhaust their available administrative remedies." Nyhuis v. Reno, 204 F.3d at 73 (internal citations omitted). Therefore, "it is beyond the power of this court ... to excuse compliance with the exhaustion requirement...." Id. Accordingly, the Third Circuit has concluded "[o]ur bright line rule is that inmate-plaintiffs must exhaust all available administrative remedies." Nyhuis, 204 F.3d at 75. Furthermore, institutionalized persons, such as prisoners must exhaust their administrative remedies even if the administrative remedy cannot provide them with the relief they seek, e.g., money damages. See Nyhuis v. Reno. Because Plaintiff's allegations in the complaint constitute an "action brought with respect to prison conditions" within the meaning of the PLRA, the exhaustion requirement provisions of Section 1997e(a) apply herein.

The rule is that "[t]he 'available' 'remed[y]' must be 'exhausted' **before** a complaint under § 1983 may be entertained." Booth v. Churner, 532 U.S. 731, 738 (2001)(emphasis added). Accord Dancy v. Collier, 266 Fed.Appx. 102, 104 (3d Cir. Feb. 20, 2008)(Non-precedential)("A prisoner who challenges prison conditions must exhaust available administrative remedies **before** filing suit in federal court.")(emphasis added); Oriakhi v. U.S.,

165 Fed.Appx. 991, 993 (3d Cir. 2006) ("Oriakhi's administrative remedies were not exhausted prior to the initiation of suit. The fact that he completed the administrative review process before the District Court reached the exhaustion question is of no consequence. Indeed, there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court.").

Moreover, the rule contemplates that a prisoner must await the response to final appeal prior to initiating the civil rights action. Brower v. Georgia Dept. of Corrections, No. CV 307-031, 2008 WL 282473, at *4 n. 2 (S.D.Ga. Jan.31, 2008) ("Assuming Plaintiff appealed his grievance to the Commissioner's Office, Plaintiff has still failed to satisfy the exhaustion requirement. According to Plaintiff, he filed a formal grievance, on April 10, 2007. Defendant Washington then had thirty (30) days to issue a written response. Defendant Donald would have then had ninety (90) days, or until approximately mid-to-late August, 2007, to respond to Plaintiff's appeal. However, Plaintiff commenced this action on May 24, 2007, well prior to deadline set for the Commissioner's Office to respond to any appeal that Plaintiff may have filed.") (citations omitted).

Because Plaintiff, by his own evidence appended to the complaint, establishes that Plaintiff has failed to exhaust his administrative remedies prior to filing the instant suit, the complaint should be dismissed without prejudice to his filing a new suit after he receives the response from the Bureau of health Care Services, i.e., the third level appeal. Plaintiff is advised that he will have to file a new suit – with its attendant filing fee – in order to pursue these claims but he may do so only after he has received said response. Even if he receives or has received a

4

response during the pendency of this current suit, he may not pursue the current suit but must file another new suit. Any other rule would encourage the filing of suits prematurely and prior to exhaustion.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute waiver of any appellate rights.

        Respectfully submitted,

        /s/ *Amy Reynolds Hay*
        United States Magistrate Judge

Dated: 4 November, 2008

cc:    Hon. Terrence F. McVerry
      United States District Judge

      Clay Caldwell
      EM-2163
      S.C.I. at Greene
      175 Progress Drive
      Waynesburg, PA 15370